Philip L. Bailey, Esq. Counsel, Penn Yan Public Library
You ask whether a teacher employed by a central school district may simultaneously serve as a trustee of a public library established by that school district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are unaware of any constitutional or statutory provision that prohibits this particular combination of positions. Nor, in our opinion, are the two positions incompatible. A teacher in a central school district is employed by the board of education in that district and is subordinate to that body, which is independent of the board of trustees of the school district library (Education Law, §§ 1709[16], 1804[1]; Op Atty Gen [Inf] 81-110). Trustees of the library are elected by the voters of the district and thus are "subordinate" to the voters (Education Law, § 260[2]; Op Atty Gen [Inf] 81-110). Further, we find no inherent inconsistency in the two positions. The board of trustees of a school district library is responsible for managing the library (Education Law, § 260[1]). The board of education of the school district has jurisdiction over all educational matters, such as curriculum and textbooks, relating to the teacher's duties (id.,
§§ 1709, 1804[1]). Further, as we noted in Op Atty Gen (Inf) 81-110, the school district's participation in library finances is ministerial since the respective budgets are separately submitted by the district's board for voter approval. Thus, the voters ultimately determine the allocation of tax dollars between the library and the school district. We see no reason why a person occupying the two positions in question would have divided loyalties.
We conclude that a teacher employed by a central school district may simultaneously serve as a trustee of a public library established by that school district.